IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SIDES, | ) |
| | ) |
| Plaintiff | ) Case No. 2:20-cv-1168 |
| | ) |
| v. | ) Magistrate Judge Patricia L. Dodge |
| | ) |
| JOHN WETZEL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff, Anthony Sides, is a state prisoner proceeding *pro se* and *in forma pauperis*. He has been incarcerated at the State Correctional Institution ("SCI") Pine Grove since April 2018. For the reasons that follow, his motions for appointment of counsel or guardian ad litem (ECF Nos. 17 & 18) are denied.

### I.

In his recently-filed Complaint (ECF No. 11), which has not yet been served, Plaintiff names as defendants John Wetzel, the Secretary of the Department of Corrections ("DOC"); Lee Estock, SCI Pine Grove's Superintendent; and numerous other individuals who work at that correctional facility. The Complaint brings claims under the Eighth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and Pennsylvania's Mental Health Procedures Act. It asserts that Plaintiff has been diagnosed with bi-polar disorder, mood disorder, dysthymic disorder, and borderline and anti-social disorders, and has a history of self-harm and suicide attempts. Plaintiff alleges that the mental health services at SCI Pine Grove are either nonexistent or so inadequate that they are tantamount to Plaintiff receiving no care at all. The Complaint further alleges that Plaintiff's placement in the Restrictive Housing Unit ("RHU")

or Psychiatric Observation Cell ("POC") has caused his mental condition to deteriorate. The Complaint seeks declaratory relief, monetary damages, and an injunction ordering that Plaintiff be transferred to a correctional institution and/or mental health unit that will provide him with appropriate mental health treatment and services.

Plaintiff has filed a motion for a preliminary injunction (ECF No. 15) in which he seeks a court order directing that he be removed from the RHU or POC and transferred to a different correctional institution. In support, he attached documentation indicating that he was placed in administrative custody on August 5, 2020 because he was a danger to himself. ECF No. 15-1 at 2. On August 22, 2020, he was charged with possession of contraband (cell seat, broken glass) and destroying property. *Id.* at 1. In the misconduct report, the reporting officer wrote that on August 21, 2020, he observed Plaintiff with self-inflicted cuts on his arms and that it appeared that Plaintiff had broken the cell seat from the table, smashed it against a window, and used the shards of glass to cut himself. The officer recorded that "Plaintiff was seen by medical and placed in POC." *Id.*

Defendant Estock has filed a response in opposition to Plaintiff's motion for a preliminary injunction in which he asserts, among other things, that SCI Pine Grove offers and provides Plaintiff with mental health treatment and that any failure to receive such treatment is solely attributable to Plaintiff. ECF No. 23.

In this regard, Defendant Estock provided the declaration of Zachary Kennedy (ECF No. 23-1), who is employed as a Psychological Services Specialist at SCI Pine Grove. Kennedy states that he has participated in providing treatment to Plaintiff and has also reviewed his Inmate Cumulative Adjustment Records. According to Kennedy, SCI Pine Grove provides Plaintiff with

mental health treatment and Plaintiff has received such treatment. Kennedy further states, however, that on at least seven occasions Plaintiff has refused to participate in his own mental health treatment. Kennedy also represents that Plaintiff's actions on August 21, 2020 were not indicative of a serious mental health issue. Rather, Plaintiff inflicted only superficial cuts on his arms. Kennedy believes that Plaintiff's actions are motivated by his desire to be transferred.

Plaintiff has been ordered to file a Reply to Defendant Estock's response by November 4, 2020.

Also pending before the Court are Plaintiff's motions in which he requests that he be appointed counsel or guardian ad litem due to his serious mental health issues. ECF Nos. 17 & 18; *see also* brief in support, ECF No. 19. The Court will dispose of both of these motions at this time.

## II.

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. *See, e.g., Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restrains on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

District courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." *Parkell*, 833 F.3d at 340. First, the district court should consider whether the case has some arguable merit. *Id.* If it does, then the court should consider a range of factors, including:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Id.* (quoting *Montgomery,* 294 F.3d at 499). *See also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

The Court has evaluated Plaintiff's request for counsel under *Tabron* and has concluded that the circumstances cited by him do not weigh in favor of requesting an attorney to represent him at this time. This case does not present complex issues, and, notwithstanding Plaintiff's mental health status and housing in the RHU or POC, his Complaint and subsequent filings demonstrates that he has a basic understanding of his claims and the relevant law and is capable of litigating this case at this time without the assistance of counsel.[1] Additionally, since his transfer to SCI Pine Grove, Plaintiff has actively and capably litigated another civil rights action in this Court at No. 2:18-cv-145 as a *pro se* litigant. The Court takes judicial notice of the docket and the filings that Plaintiff has submitted in that case.

---

[1] As a *pro se* litigant, Plaintiff has the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny, which provide that the Court must liberally construe *pro se* pleadings.

4

The Court further notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until *after dispositive motions have been resolved*." (Emphasis added). *See also Parkell*, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider Plaintiff's request for appointment of counsel.

Turning to Plaintiff's related request that the Court appoint him a guardian ad litem, the Court similarly concludes that although it appears that Plaintiff suffers from some mental health issues, his filings in this case and in his other pending action at 2:18-cv-145 demonstrate that he is competent to represent himself. The fact that almost fifteen years ago, on November 14, 2005, the Court of Common Pleas of Cumberland County issued an order that he was not competent to stand trial at that time in a criminal case before it at docket number CP-21-CR-2545-2004 (ECF No. 11 at 11) does not persuade the Court that it should appoint him a guardian ad litem under Federal Rule of Civil Procedure 17(c)(2), or that it is required to further inquire into his competency under *Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). The docket sheets for Plaintiff's more recent state-court criminal proceedings are available online and the Court takes judicial notice of them. They establish that Plaintiff has been convicted and sentenced in much more recent criminal proceedings in which he has either been deemed competent or his competency was not an issue. For example, on September 11, 2018, in a case in the Court of Common Pleas of Fayette County at CP-26-CR-

186-2018, the state court granted Plaintiff's motion for an evaluation to determine his competency and a hearing on the matter was scheduled for January 9, 2019. That court subsequently accepted Plaintiff's guilty plea on February 4, 2019. Therefore, he could not have been deemed to be incompetent in that case. Similarly, on April 22, 2019, the Court of Common Pleas of Chester County sentenced Petitioner on a probation violation in criminal cases at CP-15-CR-3064-1999 and in CP-15-CR-1686-2014. The docket sheets for those cases do not indicate that his competency was in question.

Based upon the foregoing, Plaintiff's motions for appointment of counsel or guardian ad litem (ECF Nos. 17 & 18) are DENIED.

**SO ORDERED** this 15th day of October, 2020

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge