IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SIDES, | ) |
| Plaintiff, | ) 2:20-cv-1168 ) Magistrate Judge Patricia L. Dodge ) Judge J. Nicholas Ranjan |
| vs. | |
| JOHN WETZEL, *et al.*, | |
| Defendants. | |

**MEMORANDUM ORDER**
**ADOPTING REPORT AND RECOMMENDATION [ECF 63]**

This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings consistent with the Magistrates Act, 28 U.S.C. § 636(b)(1).

Currently before the Court is a Report & Recommendation filed by Magistrate Judge Dodge on March 8, 2021, recommending that the Court deny Mr. Sides's Motion for Preliminary Injunction and Temporary Restraining Order (ECF 15) and his Motion Requesting Preliminary Injunction (ECF 61). Mr. Sides was notified that, under 28 U.S.C. § 636(b)(1)(C), objections to the Report & Recommendation were due by March 22, 2021, and he filed timely Objections on that date. ECF 71. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must now make a *de novo* determination of those portions of the Report & Recommendation to which objections were made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

Mr. Sides objects to the Report and Recommendation because Magistrate Judge Dodge did not permit him to "supplement his complaint" by adding new claims of retaliation against new defendants. ECF 71. This objection, however, does not

provide a basis for rejecting Magistrate Judge Dodge's well-reasoned conclusion that his preliminary injunction motions should be denied.

As Magistrate Judge Dodge correctly observed in her Report & Recommendation, the allegations in Mr. Sides's Amended Complaint exclusively relate to the treatment he received at SCI Pine Grove. *See* ECF 43. That treatment is also the focus of his first preliminary-injunction motion. ECF 15. But Mr. Sides has since been transferred from SCI Pine Grove to SCI Forest, thus mooting his request for injunctive relief targeted to SCI Pine Grove. *See, e.g.*, *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *Johnson v. Wenerowicz*, 440 F. App'x 60, 62 (3d Cir. 2011) ("As the District Court correctly determined, Johnson's requests for injunctive and declaratory relief against the named DOC defendants were rendered moot by his transfer to SCI-Fayette[.]"); *Santiago v. Sherman*, No. 05-153, 2007 WL 217353, at *3 (W.D. Pa. Jan. 25, 2007) (McLaughlin, J.) ("In the prison context, the transfer of an inmate from the facility complained of moots claims for injunctive relief involving that facility."). Nothing in Mr. Sides's objections reflects that he has been returned to SCI Pine Grove or that he will be transferred back there in the future. *See* ECF 71.

Mr. Sides's second motion for preliminary injunction improperly tries to raise and litigate new claims against unnamed third parties. *See* ECF 61. These new claims stem from alleged incidents at SCI Forest and are unrelated to the claims asserted in his Amended Complaint. Thus, Magistrate Judge Dodge appropriately concluded that this Court "cannot direct prison officials at SCI Forest who are not defendants in this action to provide [Mr. Sides] with access to the law library, preserve video recordings, or alter his custody status." ECF 63, p. 6; *see also Brathwaite v. Phelps*, 602 F. App'x 847, 849 (3d Cir. 2015) ("Because the preliminary injunction motion dealt with claims and actions by prison employees unrelated to the

suit at that time, the District Court appropriately held that Brathwaite could not establish any right to injunctive relief."). If Mr. Sides wishes to challenge his conditions of confinement at SCI Forest, he needs to do so in a separate civil action after fully exhausting all available administrative remedies.[1] *See Borrero v. Horton*, No. 12-113, 2013 WL 2387707, at *3 (W.D. Pa. May 30, 2013) (Kelly, J.) ("Plaintiff's request for injunctive relief therefore appears to be an improper attempt to expand his Amended Complaint to add new parties and reach unrelated issues that are properly brought in a separate action. To find otherwise would permit Plaintiff to circumvent the Prison Litigation Reform Act's filing, exhaustion, and three-strike requirements by allowing him to assert an entirely new cause of action as a request for injunctive relief.").[2]

**AND NOW**, this **24th day of March, 2021**, upon *de novo* review of the Report & Recommendation (ECF 63) and Mr. Sides's Objections to it (ECF 71), it is

---

[1] It appears that Mr. Sides might also be objecting to Magistrate Judge Dodge's instruction in the Report and Recommendation that he must file a "separate suit" to bring these new claims rather than file a second amendment to his complaint in this case. ECF 71, p. 4. If Mr. Sides is making such an objection, it is premature. None of his new claims about the conditions of his confinement at SCI Forest are properly before this Court. And Mr. Sides has not yet even sought leave to file a second amended complaint.

[2] In his objections, Mr. Sides reiterates his request that the Court order Defendants to "preserve" evidence related to his claims. ECF 71, p. 3. This request does not provide an independent basis for granting his motions for a preliminary injunction. That's because Defendants, and any potential defendants that he could name in connection with his FCI Forest claims, already have an affirmative obligation to preserve evidence without a court order. *See Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 506 (W.D. Pa. 2011) (Fischer, J.) ("A party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the spoliation inference. This inference permits the jury to assume that the destroyed evidence would have been unfavorable to the position of the offending party.") (cleaned up).

- 4 -

**ORDERED** that the Report & Recommendation, along with this Memorandum Order, is adopted as the Opinion of the Court, and Mr. Sides's objections are **OVERRULED**.  Mr. Sides's Motion for Preliminary Injunction and Temporary Restraining Order (ECF 15) and his Motion Requesting Preliminary Injunction (ECF 61) are **DENIED**.

**IT IS FURTHER ORDERED** that consistent with Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Mr. Sides has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge