IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SIDES, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:20-cv-1168 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| JOHN WETZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On March 2, 2021, following his recent transfer to SCI Forest, Plaintiff filed a motion requesting that the Court schedule a telephonic status conference. (ECF No. 61.) The Court recently denied Plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief (ECF No. 73); Defendants have filed motions to dismiss the Amended Complaint (ECF Nos. 64, 68); and Plaintiff's response to their motions are due in April. (*See* ECF No. 70.) Therefore, there is no reason for the Court to schedule a status conference at this time.

Plaintiff also requests that the court appoint him counsel. (*See* ECF No. 62.) Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. *See, e.g., Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restrains on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the

1

federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

District courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." *Parkell*, 833 F.3d at 340. First, the district court should consider whether the case has some arguable merit. *Id.* If it does, then the court should consider a range of factors, including:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Id.* (quoting *Montgomery,* 294 F.3d at 499). *See also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997). These "*Tabron*" factors apply to the Court's evaluation of successive motions to appoint counsel. *Houser v. Folino*, 927 F.3d 639 (3d Cir. 2019).

On October 1, 2020, Plaintiff filed his first motion requesting the appointment of counsel (ECF No. 17.) On October 15, 2020, the Court issued a memorandum order (ECF No. 25) denying that motion. The Court explained that it would assume for the purposes of resolving the motion that the case has arguable merit. The Court then explained that it had considered the above-cited *Tabron* factors and determined that Plaintiff did not identify any special circumstance that would justify the Court requesting counsel to represent him unless and until this case proceeds to trial. (*Id.* at 2-3.) Additionally, the Court pointed out that under Local Civil Rule 10.C, "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until *after dispositive motions have been resolved*[,]" which includes summary judgment motions. (*Id.*)

Plaintiff has not directed the Court to any reason to reconsider its October 15, 2020 memorandum order and appoint him counsel at this time. As the Court explained in that order, this case is not complex and it does not present special circumstances that would justify the Court requesting counsel to represent Plaintiff unless and until it proceeds to trial. Moreover, Plaintiff's filings in this case continue to demonstrate that he has a basic understanding of his claims and the relevant law and that he has the ability to present his case without an attorney at this time.

Accordingly, based upon the forgoing, it is ORDERED that Plaintiff's motion for a telephonic status conference (ECF No. 61) is DENIED. His request for appointment of counsel (ECF No. 62) is DENIED without prejudice. The Court will reconsider Plaintiff's request for appointment of counsel in the event the case advances beyond the summary-judgment stage and is ready to proceed to trial.

So ORDERED this 31st day of March 2021.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge