IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SIDES, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:20-cv-1168 |
| | ) | |
| v. | ) | Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Patricia L. Dodge |
| JOHN WETZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the following reasons, the Court denies Plaintiff's Motion to Supplement Complaint (ECF No. 89).

**I. Relevant Background**

Plaintiff, Anthony Sides, who is proceeding *pro se*, commenced this action in August 2020. At that time, Plaintiff was incarcerated at SCI Pine Grove. In January 2021, he filed an Amended Complaint (ECF No. 43), which is the operative pleading. The Amended Complaint names as defendants numerous individuals who worked at SCI Pine Grove during the events in question in this action, and John Wetzel, who is the Secretary of the Department of Corrections.

Plaintiff alleges in the Amended Complaint that SCI Pine Grove is not designed to house inmates with mental health disabilities, and that its mental health services are either nonexistent or are so deficient such that he was being denied mental health treatment. (ECF No. 43 ¶¶ 16-17, 45-46, 53.) Plaintiff further alleges that his placement in SCI Pine Grove's RHU exacerbated his mental health issues and that on more than one occasion he was placed in a psychiatric observation cell due to his suicidal and homicidal ideations. (*Id*. ¶¶ 26, 47-51. He claims that one or more of the Defendants violated the Americans With Disabilities Act, the Rehabilitation Act, and

1

Pennsylvania's Mental Health Procedures Act, as well as his rights under the Eighth Amendment, his due process rights under the Fourteenth Amendment by arbitrarily placing him in SCI Pine Grove's RHU and his right to privacy. (*Id.* ¶¶ 54-66.)

Plaintiff was transferred from SCI Pine Grove to SCI Forest in February 2021.[1] Now pending before the Court is his Motion to Supplement Complaint. (ECF No. 89.) Therein, Plaintiff seeks leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d), which provides that, upon motion and reasonable notice, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

In his proposed complaint (ECF No. 89-1), Plaintiff wants to add eight new defendants to this action, all of whom are officials at SCI Forest (*id.* ¶¶ 12-15), and raise claims against them for conduct that allegedly recently occurred at SCI Forest. These proposed claims are premised upon Plaintiff's assertion that SCI Forest officials retaliated against him for filing this lawsuit and grievances, subjected him to cruel and unusual punishment and/or interfered with his ability to access the court by various conduct, including repeatedly placing him in a restraint chair, confining him in a cell that had blood and feces on the walls and remnants of pepper spray, confiscating his

---

[1] When Plaintiff commenced this civil action he also filed his first motion for preliminary injunctive relief (ECF No. 15) in which he sought an order directing that Defendants remove him from SCI Pine Grove's RHU and either transfer him to another DOC facility or hire an on-site psychiatrist at SCI Pine Grove and institute appropriate mental health treatment. On March 24, 2021, the Court issued a memorandum order (ECF No. 73) that denied that motion as moot because Plaintiff has been transferred from SCI Pine Grove to SCI Forest. The Court also denied Plaintiff's second motion for preliminary injunctive relief (ECF No. 61) because Plaintiff improperly tried to raise and litigate new claims against third parties (unnamed SCI Forest officials and employees) for alleged incidents that had occurred at SCI Forest since his transfer there in February 2021.

2

legal papers, and denying him toilet paper, hygiene items, paperwork and a pen, time in the yard, and showers. (*Id.* at pp. 5-6 and ¶¶ 77-80.) Plaintiff also seeks to raise new claims related to a misconduct hearing held at SCI Forest on February 25, 2021, which was presided over by proposed defendant Fiscus. Plaintiff asserts that Fiscus violated his right to procedural due process and equal protection when she conducted the hearing despite the fact that Plaintiff allegedly did not receive notice of it or a copy of the misconduct report.[2] He also asserts that Fiscus and one or more of the other proposed defendants improperly punished him for damaging property (a light) when he was engaging in self-injurious behavior (cutting his wrists and arms). (*Id.* at p. 6 and ¶¶ 65-74, 87-89.)

## II. Discussion

The purpose of Rule 15(d) "is to promote as complete an adjudication of the dispute between the parties as is possible." 6A Charles Alan Wright & Arthur R. Miller, *et al.*, Federal Practice and Procedure § 1504 (3d ed.), Westlaw (database updated April 2021) (citations omitted). "A supplemental complaint refers to events that occurred after the original pleading was filed. Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile." *Millhouse v. United States*, No. 1:19-cv-665, 2019 WL 5722030, *2 (M.D. Pa. Nov. 5, 2019) (internal citations and quotations omitted; bracketed text in original). Whether to

---

[2] According to Plaintiff, the misconduct was issued on February 4, 2021 when he was housed at SCI Pine Grove. (ECF No. 89-1 ¶¶ 65-67.) Plaintiff does not seek to raise new claims against the Defendants in this action pertaining to the issuance of the misconduct at SCI Pine Grove. Rather, he seeks leave to bring new claims against new defendants related to the February 25, 2021 misconduct hearing that was held at SCI Forest.

grant a Rule 15(d) motion to supplement a pleading is within the discretion of the district court. *See, e.g., T Mobile Ne. LLC v. City of Wilmington, Del.*, 913 F.3d 311, 326-27 (3d Cir. 2019).

Consideration of the above-cited factors weighs strongly against granting Plaintiff's Motion. Aside from Secretary Wetzel, all of the present defendants in this action worked at SCI Pine Grove and the allegations of the Amended Complaint exclusively relate to the treatment he received there. By contrast, the supplement sought by Plaintiff involves different defendants, different conduct, and a different correctional institution. Thus, granting Plaintiff leave to file his proposed supplemental complaint to add new claims against new defendants who work at SCI Forest would not promote the economic and speedy disposition of the claims Plaintiff is pursuing against the defendants in this action. Indeed, it will undoubtedly cause undue delay of this action.

Additionally, because Plaintiff has failed to connect the defendants in this lawsuit to the proposed new claims, it would be futile to permit Plaintiff to bring those proposed claims in this lawsuit. The proposed new claims do not satisfy Rule 20's joinder requirements.[3] *See, e.g., Simmons v. Wetzel, et al.*, 2:17-cv-224, 2018 WL 10229916, *2 (W.D. Pa. May 11, 2018) (denying plaintiff's motion to file a proposed amended complaint that "seeks to add additional claims that are unrelated to [his] original claims, that arise from conduct that has allegedly occurred at a different institution, and for which [he] seeks to hold new Defendants accountable"); *Millhouse*, No. 1:19-cv-665, 2019 WL 5722030 at *2 (denying plaintiff's motion to supplement because his "proposed claim bears no relation to the claims set forth in the original complaint and … joinder

---

[3] Rule 20(a)(2) permits defendants to be joined in a single action when plaintiff's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a question of law or fact common to all defendants. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007).

4

of such will not promote judicial economy or the speedy disposition of the dispute."); *Borrero v. Glunt*, No. 3:2-cv-153, 2012 WL 6045225, *3 (W.D. Pa. Dec. 12, 2012) (denying plaintiff's motion to amend when he failed to connect proposed claims to any of the named defendants in the lawsuit and it would be futile to permit amendment because the proposed claims would not satisfy Rule 20's joinder requirements); *McKinney v. Prosecutor's Office*, No. 13-cv-2553, 2014 WL 2574414, *15 (D.N.J. June 4, 2014) ("The courts … have frowned on prisoners' attempts to lump together their multifarious grievances about life in a single prison, let alone multiple prisons."); *Simmons v. New Jersey*, No. 09-cv-1067, 2010 WL 5285353, *6 (D.N.J. Dec. 17, 2010) ("the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.").

### III. Order

Based upon the foregoing, Plaintiff's Motion to Supplement Complaint (ECF No. 89) is DENIED. This denial is without prejudice to Plaintiff filing a separate civil action raising claims against SCI Forest officials concerning his conditions of confinement there and his February 25, 2021 misconduct hearing should he choose to do so.

So ORDERED this 26th day of August, 2021.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge