**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY SIDES, | ) | |
| | ) | |
| | ) | 2:20-cv-1168-NR-PLD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WETZEL, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER ADOPTING REPORT & RECOMMENDATION (ECF 92)**</u>

This is a *pro se* prisoner civil rights action. Plaintiff Anthony Sides was granted leave to proceed *in forma pauperis*. ECF 8. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is a Report & Recommendation (ECF 92) filed by Magistrate Judge Dodge on November 2, 2021, recommending that the Court: (1) grant in part and deny in part the motion to dismiss filed by Defendant Dr. Mike Melczak (ECF 64); and (2) grant in part and deny in part the motion to dismiss filed by the Pennsylvania Department of Corrections Defendants[1] (ECF 68).

The Court notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), and Rule 72.D.2 of the Local Civil Rules, objections to the Report & Recommendation were due by November 16, 2021. No party filed objections.

Upon a *de novo* review of the record and the Report & Recommendation, the Court will adopt the Report & Recommendation. The Court finds no clear error on

---

[1] These Defendants include: John Wetzel, the Secretary of the DOC; Lee Estock, SCI Pine Grove's Superintendent; Zachary Kennedy, a psychologist at SCI Pine Grove; S.L. Bergey, the Chief Health Care Administrator at SCI Pine Grove; D.L. Yingling; S.L. Newman; Inmate Counselor Cogan; and Unit Manager Sawtelle. ECF 92, p. 2.

the face of the record, and therefore enters the following order.

**AND NOW**, this **12th day of April, 2022**, it is **ORDERED** that the Report & Recommendation (ECF 92) is adopted as the Opinion of the Court.

The Court further orders as follows:

(1)     Mr. Sides's claims for declaratory and injunctive relief are **DISMISSED** as moot;

(2)     Mr. Sides's Section 1983 claims against Defendants Wetzel, Cogan, and Sawtelle are **DISMISSED** without prejudice;

(3)     Mr. Sides's Fourteenth Amendment procedural due process and Eighth Amendment claims related to his confinement in the Restricted Housing Unit and Psychiatric Observation Cell are **DISMISSED** without prejudice;

(4)     Mr. Sides's Fourteenth Amendment violation-of-privacy claim is **DISMISSED** as to all Defendants ***except*** Defendant Kennedy;

(5)     Mr. Sides's claims under the Americans with Disabilities Act and Rehabilitation Act are **DISMISSED** without prejudice to Mr. Sides attempting to bring these claims against an appropriate entity or individual in his or her official capacity amenable to suit under those statutes and/or an equal protection claim; and

(6)     The motions to dismiss (ECF 64 and ECF 68) are **DENIED** in all other respects.

Mr. Sides is granted leave to file a second amended complaint, if he so chooses, to attempt to cure the pleading deficiencies identified in the claims that the Court has dismissed without prejudice.  Alternatively, Mr. Sides may choose to proceed with the amended complaint as it stands but only with respect to: (1) the Eighth Amendment claim asserted against Defendants Kennedy, Estock, Melczak, Bergey, Yingling, and Newsome, for failing to provide, or failing to ensure that he was

provided with, appropriate treatment for his mental health illnesses; and (2) the Fourteenth Amendment violation-of-privacy claim asserted against Defendant Kennedy. Any such second amended complaint must be filed by **May 3, 2022.**

BY THE COURT:

_/s/ J. Nicholas Ranjan_
United States District Judge